1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DARRICK ARMAND BOOKER, CDCR #F-05922, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES YATES, Warden; FELIX IGBINOSA, Chief Medical Officer, <br><br> Defendants. | Civil No.    08-1053 MLH (JMA) <br><br><br> **ORDER REMANDING ACTION TO FRESNO SUPERIOR COURT** |

## I.

### PROCEDURAL HISTORY

On May 13, 2008, Plaintiff, an inmate currently incarcerated at Pleasant Valley State Prison located Coalinga, California and proceeding pro se, initially filed a civil action in the Superior Court of California, County of Fresno.  *See* Defs.' Notice of Removal, Exhibit A. Defendants have now filed a "Notice of Removal of Action pursuant to 28 U.S.C. § 1441" in which they claim there is federal jurisdiction.  *See* Defs.' Notice of Removal at ¶ 3.  Defendants also request that the Court "screen" Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

# I.

## Defendant's Notice of Removal [Doc. No. 1]

### A.  Legal Standard

The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)).  District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.*  A state court action can only be removed if it could have originally been brought in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th. Cir. 1996).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983).  Whether federal jurisdiction exists is governed by the well-pleaded complaint rule.  *Caterpillar*, 482 U.S. at 392.  Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint."  *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. at 393; *see Wayne*, 294 F.3d at 1183 ("However, the existence of a defense based upon federal law is insufficient to support jurisdiction.").  Further, "[a]s the master of the complaint, a plaintiff may defeat removal

1   by choosing not to plead independent federal claims." *Arco Envtl. Remediation L.L.C. v.*

2   *Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000); *Rains v. Criterion*

3   *Sys., Inc.,* 80 F.3d 339, 344 (9th Cir. 1996); *Redwood Theaters, Inc. v. Festival Enters. Inc.*, 908

4   F.2d 477, 479 (9th Cir. 1990).

5          The artful pleading doctrine is an exception to the well-pleaded complaint rule, and

6   provides that "a plaintiff may not defeat removal by omitting to plead necessary federal

7   questions in a complaint." *Franchise Tax Bd.,* 463 U.S. at 22; *see also Rains*, 80 F.3d at 343

8   ("Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting

9   from the complaint federal law essential to his claim, or by casting in state law terms a claim that

10  can be made only under federal law.'") (*quoting Olguin v. Inspiration Consol. Copper Co.*, 740

11  F.2d 1468, 1472 (9th Cir. 1984)).   Courts will apply the artful pleading doctrine "only if the

12  particular conduct complained of is governed exclusively by federal law." *Sullivan v. First*

13  *Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) (internal quotations omitted).  Where

14  a defendant asserts "artful pleading," the court may examine the removal notice and supporting

15  affidavits to determine whether the plaintiff's claim arises under federal law.  *See Schroeder v.*

16  *Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983).  Under this doctrine, "[a] state

17  created cause of action can be deemed to arise under federal law (1) where federal law

18  completely preempts state law; (2) where the claim is necessarily federal in character; or (3)

19  where the right to relief depends on the resolution of a substantial, disputed federal question."

20  *Arco Envt'l Remediation*, 213 F.3d at 1114.  However, the Ninth Circuit has noted that the artful

21  pleading doctrine "is to be involved only in exceptional circumstances as it raises difficult issues

22  of state and federal relationships and often yields unsatisfactory results." *Salveson v. Western*

23  *States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984).  "The artful pleading doctrine does

24  not permit defendants to . . . rewrite a plaintiff's properly pleaded claim in order to remove it to

25  federal court." *Rains*, 80 F.3d at 344.

26          The defendants have the burden of establishing that removal is proper and supporting its

27  jurisdictional allegations with competent proof.  *Gaus v. Miller*, 980 F.2d at 566; *Nishimoto v.*

28  *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).   In addition, the

1  defendants must file a timely notice of removal.  28 U.S.C. § 1446(b).  The notice of removal

2  must be filed within 30 days after receipt of a copy of the initial pleading if removability can be

3  determined from its text.  *Id.*

4    **B.    Discussion**

5    Defendants seek removal of this action on the grounds that Plaintiff's Complaint arises

6  under 42 U.S.C. § 1983.  While Plaintiff has not filed a reply to Defendants' notice of removal,

7  a district court may remand an action sua sponte if it concludes that it lacks jurisdiction.  *See*

8  *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); FED.R.CIV.P. 12(h)(3) (district court may

9  sua sponte dismiss an action, regardless of whether the plaintiffs are proceeding *in forma*

10 *pauperis*, if the court concludes that it lacks subject matter jurisdiction).

11   The face of Plaintiff's Complaint does not establish that a federal statute creates any of

12 the claims found in Plaintiff's Complaint.  Defendants claim removal is proper because "this is

13 a civil action for Defendants' alleged acts which violated Plaintiff's Eight Amendment and state

14 law rights.  *See* Defs.' Notice at ¶ 3.

15   However, it is clear that a majority of Plaintiff's claims are California state law tort

16 claims.  Specifically, Plaintiff states that one of his causes of action is for negligence which is

17 a state law and not a federal cause of action.  *See* Pl.'s Compl. at 6-7.  Simply because Plaintiff

18 alleges a violation of his civil rights does not foreclose the possibility that he is seeking damages

19 for alleged violation of his civil rights under California law.  It is certainly not clear from the

20 face of Plaintiff's Complaint that he ever intended to seek relief under § 1983.  "The plaintiff

21 is the master of his or her own complaint and is free to ignore the federal cause of action and rest

22 the claim solely on a state cause of action."  *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d

23 1367, 1370 (9th Cir. 1984).  Accordingly, the mere possibility that Plaintiff could have brought

24 a civil rights claim under § 1983 does  not support a finding of federal jurisdiction.

25 / / /

26 / / /

27 / / /

28 / / /

1  **II.        Conclusion and Order**

2           Good cause appearing, **IT IS HEREBY ORDERED** that:

3           This action is remanded to the Superior Court of California for the County of Fresno.  The

4  Clerk of Court is directed to close the file.

5  DATED:    January 9, 2009

6                                                     _____
                                                      **HON. MARILYN L. HUFF**
7                                                     **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28